ANDREWS, Judge.
Defendants, Local 1526, International Longshoremen’s Association, AFL-CIO, and International Longshoremen’s Association, AFI^CIO, appeal an interlocutory order denying a motion to dissolve an injunction issued against said unions upon the application of the plaintiff, Broward County Port Authority.
Broward County Port Authority, an instrumentality of the State of Florida, maintains and operates Port Everglades Warehouse, docks and terminals. Said authority entered into a contract with certain companies to provide stevedore services for the handling of dry cargo handled through said port. Said contract did not include mooring line handling employees. There were five such employees of the authority who handled the mooring lines for all ships arriving and departing said port.
The contract which settled the Atlantic and Gulfport Longshoremen’s strike in 1965 provided that disputes regarding line handlers would be settled by the local unions and each port within ninety days after which time the local union would be free to take such action as it deemed appropriate.
The Broward County Port Authority declined to permit the line handling services for its port to be included in its contract with the stevedoring companies. The position of the Port Authority is that, inasmuch as approximately 18% of the tonnage of the port required stevedoring services, the *259 line handling services for all of the ships using the port could better be handled by the employees of the Port Authority.
The defendant union at the end of the ninety-day period announced that a labor dispute existed at the port and notified ship owners that the members of the union would not handle cargoes through Port Everglades on ships in which the line handling service was performed by Port Authority employees.
As a result, a number of ships destined to unload their cargo at Port Everglades were diverted to the Port of Miami where the union arranged to have the stevedore employees working under a Port Everglades contract handle the cargo for said ships. Such action constituted coercive pressures or, at the very least, a primary boycott directed at the Port Authority, and as such is unlawful as contrary to established public policy of the state. Miami Water Works Local No. 654 v. City of Miami, Fla.1946, 157 Fla. 445, 26 So.2d 194, 165 A.L.R. 967; Dade County v. Amalgamated Association of Street Electric Railway & Motor Coach Employees of America, Fla.App.1963, 157 So.2d 176; Op.Atty.Gen. 059-164, Aug. 20, 1959.
This is a labor dispute subject to state jurisdiction in that it concerns employees of a political instrumentality of the state. Such disputes are specifically exempt from the provisions of Federal Labor Relations Management Act. 29 U.S.C.A. § 152(2); International Longshoremen’s Association v. Georgia Ports Authority, 1962, 217 Ga. 712, 124 S.E.2d 733 (cert. denied, 370 U.S. 922, 82 S.Ct. 1561, 8 L.Ed.2d 503).
The Court under its general equity jurisdiction to prohibit unlawful acts had authority to assume jurisdiction of the cause and grant the injunction in the exercise of sound discretion. The trial court after hearing and careful consideration found that the union sought to achieve results prohibited by Florida law.
Accordingly, the orders granting the injunction and declining to dissolve the same were proper.
Affirmed.
SMITH, C. J., and WALDEN, J., concur.